IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS BURGESS,

        Plaintiff,

v.                                                             Case No. 24-2331-JWB

TRANSAM TRUCKING, INC., et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Olathe Noble Equipment Leasing, Inc.'s motion to dismiss and memorandum in support. (Docs. 10, 11.) Plaintiff has failed to respond to the motion and the time for doing so has now passed. The motion is GRANTED for the reasons stated herein.

**I.**     **Facts**

Plaintiff filed this action against Defendants TransAm Trucking ("TransAm") and Olathe Noble Equipment Leasing, Inc. ("ONE Leasing") alleging claims of breach of contract and the failure to pay minimum wages under the Florida Minimum Wage Act, Fla. St. § 448.110, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206. According to the complaint, Plaintiff attended orientation to be a truck driver for TransAm in Florida in August 2021. During orientation, TransAm made several promises regarding his pay. Those promises convinced Plaintiff that it would be more profitable for him to be a lease driver instead of a company driver for TransAm. During his first assigned trip for TransAm, someone crashed into Plaintiff's truck while it was parked in a truck stop. TransAm told Plaintiff that $1,000 would be deducted from his pay for the insurance deductible and Plaintiff had to wait at the truck stop for several days for

replacement parts for the truck. Plaintiff also complains of uncompensated time he spent on loading docks while waiting for his truck to get loaded or unloaded. Plaintiff requested pay for this time but his request was rejected by TransAm. Plaintiff's last two paychecks reflected a negative amount. (Doc. 1 at 9.)

After working for nine weeks, Plaintiff told TransAm that he wanted to transfer to a company driver but TransAm rejected his request. Plaintiff then quit his employment. Plaintiff was told that he had to drop off his truck in Kansas City and then find his own way home to Florida at a cost of over $1,000. (*Id.* at 11.)

Plaintiff asserts claims against both TransAm and ONE Leasing for failure to pay minimum wages in violation of Florida law and the FLSA. Plaintiff also asserts a claim of breach of contract against both Defendants. In this claim, Plaintiff alleges that TransAm promised Plaintiff that he would be paid $3,000 every week but that they breached the agreement.

Defendant ONE Leasing moves for dismissal on the basis that Plaintiff fails to plausibly allege claims against it.

**II.    Standard**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.   Analysis**

ONE Leasing moves for dismissal on the basis that Plaintiff wholly fails to allege any facts pertaining to actions taken by ONE Leasing. Plaintiff's complaint alleges claims of failure to pay minimum wages in violation of Florida law and the FLSA. With respect to ONE Leasing, however, Plaintiff does not allege that it was Plaintiff's employer. Rather, the only factual allegations pertaining to ONE Leasing is that it is a company that transports goods across the United States. (Doc. 1 ¶ 7.) The other two allegations pertaining to ONE Leasing are entirely conclusory. Plaintiff alleges that "Lease ONE is equally responsible for all the above facts" and that "TransAm & ONE Leasing knowingly and willingly committed the acts alleged below." (*Id.* ¶¶ 4, 117.) Plaintiff has failed to allege any facts which would support a finding that ONE Leasing was a joint employer with TransAm or that ONE Leasing was Plaintiff's employer and failed to pay his wages. Rather, all of the facts in the complaint concern actions taken by TransAm. Therefore, these claims against ONE Leasing are subject to dismissal.

Plaintiff has also failed to allege sufficient facts against ONE Leasing to support a claim for breach of contract. Plaintiff has not alleged that he entered into a contract with ONE Leasing that was later breached by the same. Rather, the facts regarding this claim allege that TransAm made a promise regarding payment and TransAm failed to pay Plaintiff in accordance with that agreement. Plaintiff's complaint is not sufficient to allege a claim of breach of contract against ONE Leasing.

## IV. Conclusion

Defendant ONE Leasing's motion to dismiss (Doc. 10) is GRANTED.

IT IS SO ORDERED.  Dated this 9th day of October 2024.

_s/ John W. Broomes_
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
